A. WASHBURN, *et al.*, v. THE BOARD OF COMMISSIONERS OF SHAWNEE COUNTY.

JAIL — *Valid Act.* Chapter 74, of the Laws of 1886, "An act authorizing and directing the county commissioners of Shawnee county to levy an assessment to build a jail and jailer's residence," approved February 4, 1886, is constitutional and valid.

*Error from Shawnee Superior Court.*

ON March 23, 1886, the plaintiffs in error filed in the superior court of Shawnee county their petition, which (omitting the title) reads as follows:

"The plaintiffs, A. Washburn, H. R. Clark, Thomas White, John Armstrong, H. D. Rice, H. H. Wallace, and J. G. Otis, who sue for themselves and for all others similarly situated, bring this their action against the defendant, the board of county commissioners of Shawnee county, and for their cause of action against the defendant, say: That the plaintiffs are each residents, citizens, electors and tax-payers of the county of Shawnee, and have both real and personal property subject to the payment of any county tax that may be levied in said county under the act hereinafter mentioned. The plaintiffs bring this suit as residents, citizens, electors, and tax-payers of the county of Shawnee, not only for themselves, but for all

other residents, citizens, electors, and tax-payers of Shawnee county similarly situated, and who by reason of their great number cannot be made parties by name.

"The plaintiffs say that the legislature of the state of Kansas passed an act, which was approved, published, and became a law on February 5, 1886, which act is in words and figures following:

"AN ACT authorizing and directing the county commissioners of Shawnee county to levy an assessment to build a jail and jailer's residence.

"*Be it enacted by the Legislature of the State of Kansas:*

"SECTION 1. That the board of county commissioners of Shawnee county are hereby authorized and directed to levy a special tax on all taxable property within said county, not exceeding six mills on the dollar, for the purpose of erecting and completing a jail and jailer's residence; and that the said levy shall be made at the time of making the next general annual levy of taxes: *Provided*, If in the judgment of said board it is deemed best for the interests of the county, they may contract for one-half the proposed work to be done in eighteen hundred and eighty-six, and the remaining one-half or the whole work, to be completed in eighteen hundred and eighty-seven, in which case they shall levy a special tax of one-half the amount agreed upon to be levied, not exceeding three mills on the dollar for said purpose, in eighteen hundred and eighty-six, and a like amount in eighteen hundred and eighty-seven.

"SEC. 2. The said board shall employ a competent and qualified architect, of known skill and ability in his profession, who shall submit plans, specifications and estimates for the said jail and jailer's residence, which being adopted by said board, they shall advertise for bids either for the whole work or for parts of said work, each bidder to file with his bid a bond with two sureties, worth, over and above all legal liabilities and exemptions, double the amount of the said bid, conditioned for the faithful performance of the work should the contract be awarded to him. The architect shall make all estimates on work performed and material furnished on all contracts, reserving to the county ten per centum in authenticating all estimates of work performed or material furnished, until such contract shall be completed, inspected and accepted by the said board.

"SEC. 3. As soon as practicable after the passage of this act, the contract for said jail and jailer's residence shall be let to the lowest responsible bidder, and estimates for work performed and material furnished shall be submitted monthly to the said board by the architect; whereupon the said board is hereby authorized to issue scrip, to be designated as 'Shawnee county jail scrip,' bearing seven per cent. interest per annum, which scrip shall be signed by the chairman of said board and attested by the county clerk, and be redeemed by the county treasurer at his office, according to date of issue of said scrip, just as rapidly as money arising from the levy herein provided for shall accumulate in the county treasury.

"SEC. 4. This act shall be in force on and after its publication in the *Daily Topeka Capital.*

"Approved February 4, 1886.

"I hereby certify that the foregoing is a true and correct copy of the original enrolled bill now on file in my office, and that the same was published in the official state paper February 5, 1886.

"E. B. ALLEN, *Secretary of State.*

"The plaintiffs further state, that the defendant is about to employ an archichitect under the provisions of the before-mentioned act, and will do so at once unless restrained by the order of this honorable court. The plaintiffs further state, that the defendant is about entering into a contract for a jail and jailer's residence under the provisions of said act, and will do so unless restrained by the order of this honorable court. The plaintiffs further state, that the defendant will, at the time fixed by law for making the next general annual levy of taxes, levy a special tax on all the taxable property within said county of Shawnee, and including all the property of the plaintiffs, both real and personal, and will do so unless restrained by the order of this honorable court. The plaintiffs further state, that the defendant, in addition to making the contract aforesaid, will speedily thereafter issue scrip, to be designated as 'Shawnee county jail scrip,' under the provisions of said act, and will do so unless restrained by this honorable court.

"The plaintiffs further state, that all the acts of the defendant aforesaid, threatened to and about to be done, are illegal and void in this: (1) The pretended law hereinbefore recited, and under whose pretended provisions all the aforesaid acts of the defendant are threatened to be done, is void; (2) the subject-matter is not embraced within the title of the act; (3) the title of the act does not authorize it to levy a tax, nor is the levy of a tax within the scope of the title of said act; (4) the authority to contract for a jail and jailer's residence, and to employ an architect, is not embraced or included in the title of the act; (5) the expenditure of money for or the levy of a tax to pay for a jailer's residence is not for a public purpose; (6) there is now and has been for a long period of years, within the county of Shawnee, and in use, a jail, provided and built according to the general law and pursuant to and by a levy of tax for the payment thereof on the taxable property of Shawnee county; (7) there is upon the statute books a requirement of law, and which is unrepealed, that requires the defendant, before it shall proceed to build any permanent county buildings and assess a tax for that purpose, that the defendant shall first submit the question to a vote of the electors of the county at some general or special election, and must be authorized by an affirmative vote cast at said election.

"And the plaintiffs aver that the defendant proposes to let the contract for said jail and jailer's residence without submitting it to the electors of Shawnee county. And the plain-

tiffs further aver, that the jail and jailer's residence proposed to be built by the defendant is intended to be and will be a permanent county building, and that no election whatever has ever been held or submitted to the electors of said county authorizing the same to be done. The plaintiffs further state, that the defendant proposes to employ said architect and make said contract and pay for the same by the issuance of Shawnee county jail scrip, bearing seven per cent. interest per annum, and which these plaintiffs aver will be done without having any of the claims concerning the same audited, and contrary to the law in such cases made and provided concerning expenditures in said county; and for such other reasons as may be urged in argument upon the hearing hereof, the plaintiffs again aver and charge the fact to be that all of said contemplated acts of the defendant under said pretended law, and the law itself, are null and void.

"The plaintiffs further state, that if the defendant is permitted to hire said architect, to contract and build said jail and jailer's residence, issue scrip therefor, and levy said tax to pay said scrip, that it will inflict a large amount of illegal expenditure and unnecessary tax charges upon the property of the plaintiffs, and to their and each of their great and irreparable injury. Plaintiffs aver and charge the fact to be that the taxable property of Shawnee county exceeds five millions of dollars, and that a levy made by the defendant under the statute passed in 1886 will make the current expenses of Shawnee county exceed five mills upon the dollar.

"Wherefore, the plaintiffs ask that a temporary injunction may issue restraining the defendant from hiring said architect, from the building of said jail and jailer's residence, from issuing any Shawnee county jail scrip in payment thereof, or from levying said tax provided by said pretended act, and that upon a final hearing the plaintiffs demand that said injunction may be made perpetual; and for such other relief as may be proper, and for costs of suit."

This petition was duly verified. On March 27, 1886, the plaintiffs, upon this petition and upon no other pleadings or evidence, asked the court to grant them the temporary injunction prayed for, which the court refused. To reverse this ruling, the plaintiffs bring the case to this court.

*H. H. Harris*, for plaintiffs in error.

*Charles Curtis*, county attorney, for defendant in error.

The opinion of the court was delivered by.

VALENTINE, J.: The only question involved in this case is whether chapter 74 of the Laws of 1886, "An act authorizing and directing the county commissioners of Shawnee county to levy an assessment to build a jail and jailer's residence," approved February 4, 1886, is constitutional and valid, or not. The court below, the superior court of Shawnee county, upon an application for a temporary injunction, held it to be constitutional and valid, and refused the injunction; (3 Kas. L. J. 118;) and from that refusal the plaintiffs bring the case to this court. The question is now of but very little importance, for the jail and the jailer's residence — one building — have already been built, and all the other matters and things which the plaintiffs wish to have restrained have been performed. Really the only material question left in the case is, who shall pay the costs? We think the act is valid. The words "levy an assessment," in the title to the act, were intended to mean *levy a tax,* and as the tax was "to build a jail and jailer's residence," the legislature had authority to provide in the body of the act, as it did, for the building of such jail and jailer's residence, including all the necessary details. The jail and the jailer's residence were intended to be only one building.

Even if Shawnee county already had a jail, that fact would not prevent the legislature from giving authority to the county commissioners to build another jail; and the fact that there may have been a general law authorizing the building of county jails would not prevent the legislature from passing a special act for the same purpose, provided the general law could not well be made applicable. Also, the fact that the act authorizes the county commissioners to build a jail without submitting the question to a vote of the electors of Shawnee county, we do not think renders the act void. In fact, we think the act is valid, and the judgment and order of the court below will be affirmed.

All the Justices concurring.